631 F.2d 71
 Sallie OSTER, Individually and d/b/a House of Joy and House
of the Rising Sun, Ooo-Cox, Inc., d/b/a House of
Paradise and Victoria Husbands,
Plaintiffs-Appellants,
v.
CITY OF NEW ORLEANS, By and Through the Honorable Ernest N.
MORIAL, et al., Defendants-Appellees.
 No. 80-3185
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Unit A
 Nov. 21, 1980.
 Edward J. Castaing, Jr., F. Irvin Dymond, New Orleans, La., for plaintiffs-appellants.
 George R. Simno, III, Deputy City Atty., New Orleans, La., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before BROWN, POLITZ and TATE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Eastern District of Louisiana declaring certain portions of the New Orleans city ordinance governing the licensing and operation of massage parlors in that city to be constitutional in the face of challenges under the fourteenth and fourth amendments to the Constitution of the United States. Virtually every merits issue raised by the appellants on this appeal has been resolved adversely to them in a recent decision of this court. For this reason, the similar disposition in the court below is AFFIRMED.
 
 
 2
 The appellant massage parlor operators and employees sought declaratory and injunctive relief in the court below, alleging constitutional infirmity in the following portions of the ordinance:
 
 
 3
 (1) Section 10-8(A), forbidding operation between the hours of 10:00 p. m. and 8:00 a. m.;
 
 
 4
 (2) Section 10-8(C), requiring the names and addresses of patrons and the names of "massage technicians" to be recorded;
 
 
 5
 (3) Section 10-8(H), allowing warrantless routine inspections;
 
 
 6
 (4) Sections 10-9(C) and 10-10, forbidding the issuance of massage licenses or massage technician permits to applicants with pending charges against them for certain crimes involving lewd acts or moral turpitude (the "pending charges" provisions); and
 
 
 7
 (5) Section 10-16(A)-(D), exempting medical/health establishments, barber/beauty shops, schools, and athletic trainers from the regulatory scheme.
 
 
 8
 The appellants argue that all the challenged sections violate the equal protection and due process clauses of the fourteenth amendment, and that Section 10-8(H) (warrantless inspections) violates the fourth amendment protection against unreasonable searches and seizures.
 
 
 9
 Upon a joint stipulation of facts, the district court held that the appellants lack standing to challenge Sections 10-9(C) and 10-10 (the "pending charges" provisions) since none of the appellants face such pending charges and thus present no case or controversy on that issue, and that all of the remaining sections were constitutional exercises of the police power of the City of New Orleans.
 
 
 10
 The "Pending Charges" Provisions: Standing.
 
 
 11
 The appellants do not expressly challenge on this appeal the district court's determination that they lack standing to attack the provisions of Sections 10-9(C) and 10-10, denying licenses to applicants with criminal charges pending against them. They do, however, renew their substantive challenge to the constitutionality of those provisions. Because there were no charges pending against them, the plaintiffs in this case have not shown the requisite substantial controversy between parties with adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201. Accordingly, we affirm the ruling of the district court without reaching the merits of this issue. See Pollard v. Cockrell, 578 F.2d 1002, 1006 (5th Cir. 1978).[1]
 
 
 12
 Other Provisions: The Merits.
 
 
 13
 On this appeal, the appellants renew their constitutional challenges as to all other provisions challenged below. Because we find the recent decision of this court in Pollard v. Cockrell, 578 F.2d 1002 (5th Cir. 1978) to be fully dispositive of those points, we affirm the judgment of the district court. See also Harper v. Lindsay, 616 F.2d 849 (5th Cir. 1980).
 
 
 14
 In the face of virtually identical due process, equal protection, and fourth amendment challenges, this court in Pollard upheld a regulatory scheme of the city of San Antonio, Texas, that is for all practical purposes indistinguishable from that adopted by the city of New Orleans. Each particular provision challenged here the exemption provisions, the recordkeeping requirements, the restrictive curfew, and the warrantless administrative inspections were there specifically upheld. Bound by Pollard as a prior circuit precedent, we can do no less.
 
 
 15
 The appellants attempt to distinguish Pollard on its facts. They argue first that New Orleans, with its famed French Quarter and Bourbon Street, is sui generis, and that a classification that fails to take into account the unique and discrete French Quarter neighborhood within which appellants operate is almost unavoidably irrational. Thus, they argue, there is no rational basis upon which a French Quarter massage parlor can be treated the same as a Garden District massage parlor, or that a Bourbon Street massage parlor can be treated differently from a Bourbon Street striptease club. We disagree. Generic similarities among massage parlors, and generic differences between massage parlors and striptease clubs (or other "sex-emphasizing" businesses) transcend geography to a degree sufficient to justify the legislative distinction embodied in this challenged ordinance. The appellants argue next that Pollard should not be seen as dispositive of the warrantless inspection issue presented in this case. The appellants suggest that Pollard can be read as applying only to administrative inspections i. e., those provided for in statutes which do not impose criminal sanctions for violations. Since the ordinance challenged here does impose criminal penalties for violations, and since the purpose of inspection is to seek out violations of the ordinance, they argue, the inspection provisions amount to nothing more than a general criminal search warrant. At bottom, this argument rests on a distinction long since repudiated by the Supreme Court of the United States. Indeed, that is the lesson of Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727 (1967), and See v. City of Seattle, 387 U.S. 541, 87 S.Ct. 1737 (1967). For the purpose of determining whether the fourth amendment requires a prior warrant, there is no distinction between administrative inspections and criminal searches the warrant requirement, see United States v. Biswell, 406 U.S. 311, 92 S.Ct. 1593 (1972); Colonnade Catering Corp. v. United States, 397 U.S. 72, 90 S.Ct. 774 (1970), apply equally to both.
 
 
 16
 Conclusion.
 
 
 17
 We find that Pollard v. Cockrell, 578 F.2d 1002 (5th Cir. 1978) is fully dispositive of the issues presented on this appeal. Because the result below comports with the result demanded by Pollard, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 In ruling that potential massage parlor customers lacked standing to challenge the constitutionality of a similar regulatory scheme in Pollard v. Cockrell, supra in text, 578 F.2d at 1006, this court stated:
 Essentially, "the question is whether the person whose standing is challenged is a proper party to request an adjudication or a particular issue and not whether the issue itself is justiciable". Flast v. Cohen, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968). Plaintiffs in the federal courts must have a "personal stake in the outcome" of the case, Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962), and "must allege some threatened or actual injury resulting from the putatively illegal action". Linda R. S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973). "Abstract injury is not enough.... The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' " O'Shea v. Littleton, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974).
 ... On this basis, it is clear that (appellants do not have) the requisite " 'personal stake in the outcome of the controversy' " and that each alleges not an injury to him personally but rather "a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens". (Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975))....